IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ARIEL SANCHEZ-GARCIA                                                              PETITIONER
Reg. #23245-047

V.                            NO. 2:12CV00025 DPM-JTR

T.C. OUTLAW, Warden,                                                              RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

-1-

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Ariel Sanchez-Garcia, an inmate in the Federal Correctional Institution in Forrest City, Arkansas. (Docket entry #2.) Respondent has filed a Response, and Petitioner has filed a Reply. (Docket entries #5, #8.) Thus, the issues

are joined and ready for disposition.

In May 2010, Petitioner pleaded guilty in the District Court of Nebraska to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841, and to illegal reentry in violation of 8 U.S.C. § 1326. In September 2010, the Court sentenced him to 210 months of imprisonment on each conviction, to run concurrently. *United States v. Sanchez-Garcia et al.*, D. Neb. No. 8:09CR00368 LSC-FG3-3 (Resp't Ex. 1, at #88, #89, #99, #122, #125 [docket entry #5-1]).[1] He did not appeal.

On October 3, 2011, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court. He argued that his attorney was ineffective for failing to file a notice of appeal, as Petitioner had directed, after his sentencing hearing. On October 13, 2011, the Court denied the motion.[2] (Resp't Ex. 2 & 3 [docket entries #5-2, #5-3].) Petitioner did not appeal. (*See* Resp't Ex. 1, at #131-#135.)

On December 8, 2011, Petitioner filed in the sentencing court a motion for

---

[1]This is the docket sheet from Petitioner's criminal case in the District of Nebraska.

[2]The Court held that, because Petitioner's plea agreement contained an appeal waiver, he had no right to an appeal and thus could not prove he was prejudiced by counsel's performance, as required under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

relief pursuant to Fed. R. Civ. P. 60(b)(6). In his motion, he argued that the advice provided by his attorney, with respect to the deportation consequences of his guilty plea, fell short of what was constitutionally required by the United States Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).[3] (Resp't Ex. 4 [docket entry #5-4].) On December 20, 2011, the sentencing court denied the motion because it was "essentially a successive [§ 2255] motion filed without the Eighth Circuit's approval." (Resp't Ex. 5 [docket entry #5-5].) *See* 28 U.S.C. § 2255(h) (successive § 2255 motion "*must be certified ... by a panel of the appropriate court of appeals*" to contain "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Petitioner appealed the denial of his Rule 60(b)(6) motion to the Eighth Circuit Court of Appeals. The Eighth Circuit dismissed the appeal because Petitioner had failed to pay the requisite docketing fees. *United States v. Sanchez-Garcia*, No. 12-1101 (8th Cir. Mar. 8, 2012)[4] (*see also* Resp't Ex. 6 [docket entry #5-6]).

On February 6, 2012, Petitioner initiated this § 2241 habeas action. He raises

---

[3]*Padilla* held that, to satisfy the right to effective assistance of counsel guaranteed by the Sixth Amendment, counsel must inform a criminal defendant whether his guilty plea carries a risk of deportation. *Id.* at 1486.

[4]The Court electronically accessed the Eighth Circuit Court of Appeals records.

the same *Padilla* argument presented in his Rule 60(b)(6) motion, asserting that his federal convictions should be vacated because his attorney failed to advise him that deportation was "the virtually certain consequence of his guilty plea" and he "would have taken his chances at trial" had he been correctly advised.[5] (Docket entry #2, at 9-15.)

## II. Discussion

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition is limited to challenging the *execution* of a sentence, or the manner in which it is being

---

[5]Petitioner also argues at length that *Padilla* should be applied "retroactively" to afford him relief. (Docket entry #2, at 2-9.) However, because *Padilla* was decided on March 31, 2010, *prior* to Petitioner's conviction and sentencing, there is *no legal basis* for his retroactivity argument.

carried out, and must be initiated in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *DeSimone*, 805 F.2d at 323.

A federal court in the district of incarceration cannot entertain a § 2241 petition challenging the validity of a conviction or sentence "*unless it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The fact that an individual may be barred from filing a § 2255 motion due to procedural barriers does *not* render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez-Lopez*, 590 F.3d at 907. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because a § 2255 motion would be barred as successive or untimely. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255(f) (federal defendant generally has one year from "the date on

which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (setting forth restrictions on successive § 2255 motions).

Moreover, a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

While Petitioner is incarcerated in this judicial district, the *Padilla* claim that he is raising in his § 2241 habeas petition is a challenge to the validity of his convictions and sentences imposed by the United States District Court in Nebraska. After he was convicted and sentenced, Petitioner did not file a direct appeal. He also did not raise this claim in his first § 2255 motion in the sentencing court, and he did not appeal the denial of that motion. Although he raised the claim in a Rule 60(b)(6) motion, the sentencing court dismissed it as a successive § 2255 motion filed without the Eighth Circuit's authorization. Finally, Petitioner has never obtained permission from the Eighth Circuit Court of Appeals to proceed with a successive § 2255 motion.

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.

'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have [sic] existed.'" *Abdullah*, 392 F.3d at 963 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Petitioner unquestionably had several procedural opportunities to present his *Padilla* claim; he simply failed to do so. *See id.* (petitioner's "failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction"); *Hill*, 349 F.3d at 1092 (§ 2255 not inadequate where petitioner had "at least two opportunities to raise [his] argument before the sentencing district"); *Lurie*, 207 F.3d at 1077-78 (§ 2255 not inadequate because all claims asserted could have been maintained in a timely § 2255 motion or on direct appeal).

Petitioner argues that § 2241 review is appropriate because the alleged error "is a defect in the integrity of the proceedings not subject to the restrictions on habeas corpus applications."[6] (Docket entry #2, at 3.) However, no legal authority supports Petitioner's argument, and he has failed to demonstrate the inadequacy and ineffectiveness of his § 2255 remedies in the sentencing district. Accordingly, this Court lacks subject matter jurisdiction over this § 2241 habeas action, and it should

---

[6]Petitioner also asked the Court to defer a ruling in his case pending the United States Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). (Docket entry #9.) These cases have since been decided and have no bearing on this recommendation.

be dismissed. See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #2) be DENIED, and the case be dismissed, without prejudice.

DATED this 9th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE